## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA**<br><br>*Defendant.* | Case No.<br>2:25-cv-3590<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff James E. Shelton ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Pure Energy USA, PA, LLC d/b/a Pure Energy USA ("Defendant") and alleges as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent and by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

## PARTIES

4.      Plaintiff is an individual who resides in Montgomery County, Pennsylvania, which lies within this District.

5.     Defendant is registered to do business in Pennsylvania, with its registered agent office address in Dauphin County.

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.     The Court has general personal jurisdiction and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides within this District and the calls at issue were made into this District by Defendant.

## BACKGROUND

**A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

8.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

9.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

12.     The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

13.     The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

14.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

## FACTUAL ALLEGATIONS

15.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the calls at issue.

17.     Plaintiff's telephone number, (215) XXX-XXXX, is a residential, non-commercial telephone number.

18.     Plaintiff uses the number for personal, residential, and household reasons.

19.     Plaintiff does not use the number for business reasons or business use.

20.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21.    Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

22.    Plaintiff's telephone number has been listed on the National Do Not Call Registry for over a year prior to the calls at issue.

23.    Plaintiff has never been a customer of Defendant.

24.    Despite that fact, the Plaintiff received at least three telemarketing calls from the Defendant in June 2025.

25.    The first and second calls were on June 23, 2025 at 4:02 PM from caller ID (833) 423-0533. Plaintiff missed both calls.

26.    The third call was on June 24, 2025 at 12:03 PM from caller ID (833) 423-0533. Plaintiff missed the call.

27.    Later in the day on June 24, Plaintiff called back (833) 423-0533 to see who had called him three times.

28.    Plaintiff spoke with "Tessa" from the illegally and fictitiously named "Energy Source Services" who stated their company was calling and looking to assist all Pennsylvania electric customers to ensure they were getting their benefits applied to onto the correct account by getting a competitive electric supplier.

29.    After speaking to "Tessa" the call suddenly dropped after approximately one minute.

30.    Plaintiff then immediately called the number back and spoke with "Travis" who again said he was with the illegally and fictitiously named "Energy Source Services" which assists customers with their utilities and the "customer choice program on their bill."

31.    Travis identified Plaintiff as "Philip Fleming" from Philadelphia, as that was the incorrect information they had for the individual they were looking for on the previous calls the Plaintiff received.

32.    Plaintiff told Travis he had another property in King of Prussia Pennsylvania and provided him with his electric account number.

33.    Travis told Plaintiff he would be eligible for a reimbursement of up to $200 from Pure Energy USA every six months.

34.    Plaintiff was then put through a third party verification process required by the Commonwealth of Pennsylvania.

35.    After completing the sign up, Plaintiff received a proposed contract from Defendant in the mail, which the Plaintiff timely rescinded.

36.    The contract identified Defendant by their legal business name:  Pure Energy USA PA, LLC ("Pure Energy USA.")

37.    The calls all came from the following numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | Date | CNAM Avail? | CNAM Result | Carrier |
|---|---|---|---|---|
| (833) 423-0533 | 23/06/2025 | Y | TOLL FREE CALL | Onvoy/Inteliquent |
| (833) 423-0533 | 23/06/2025 | Y | TOLL FREE CALL | Onvoy/Inteliquent |
| (833) 423-0533 | 24/06/2025 | Y | TOLL FREE CALL | Onvoy/Inteliquent |

38.     As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, Onvoy/Inteliquent, provided CNAM functionality, but provided inaccurate CNAM functionality, transmitting a placeholder indicating that the call was a toll free call, instead of the caller's name.

39.     The calls were unwanted.

40.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

41.     Plaintiff never provided his consent or requested the calls.

42.     Plaintiff and the Classes have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

44.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of

the Complaint.

**45.** **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

46.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

47.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

48.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.    Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.    Whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

c.    Whether Defendant violated the TCPA; and

d.     Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

49.     **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members in each class, such that joinder of all members is impracticable.

50.     In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.     The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.     Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

       d.    Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

51.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

53.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

54.    These violations were willful or knowing.

55.    As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

56.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

57.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58.     It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

59.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

60.     These violations were willful or knowing.

61.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

62.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully request that the Court enter judgment against Defendant for:

A.      Certification of the Classes as alleged herein;

B.      Appointment of Plaintiff as representative of the Classes;

C.      Appointment of the undersigned as counsel for the Classes;

D.      Damages to Plaintiff and members of the Classes pursuant to 47 U.S.C. § 227(c)(5);

E.      Injunctive relief for Plaintiff and members of the Classes, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, to those who have asked them to stop, outside the permitted hours, or while failing to transmit the caller ID information required by law;

F.      Attorneys' fees and costs, as permitted by law; and

G.      Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 14th day of July, 2025.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> PA Bar #333687
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

12