# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated,,<br><br>      Plaintiff,<br><br>  v.<br><br>PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA,<br><br>      Defendant. | CASE NO. 2:25-cv-03590-MMB |

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND

This matter, coming to be heard on "Defendant's Unopposed Motion for an Extension of Time to Answer, Move, or Otherwise Respond to Complaint" (hereafter, the "Motion") filed on August 12, 2025 in this matter, due notice having been given, the Court being fully apprised in the premises, the Motion being <u>unopposed</u>, and for good cause shown, **IT IS HEREBY ORDERED THAT**: (a) the Motion is **GRANTED** for the reasons stated therein; and (b) Defendant shall have until **August 25, 2025** to answer, move, or otherwise respond to the Complaint (*see* Dkt. 1).

SO ORDERED THIS ___ DAY OF _____, 2025,

By:_____

Hon. Michael M. Baylson
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA,<br><br>Defendant. | CASE NO. 2:25-cv-03590-MMB |

**UNOPPOSED MOTION TO EXTEND TIME FOR DEFENDANT TO ANSWER, MOVE, OR OTHERWISE RESPOND TO COMPLAINT**

Defendant Pure Energy USA, PA, LLC ("Defendant") files this **unopposed** motion to extend the time by which Defendant must answer, move or otherwise respond to the Complaint filed by James Shelton **to and including August 25, 2025**. In support thereof, Defendant states the following:

1. Plaintiff filed his Complaint in this action on July 14, 2025. *See* Dkt. 1.

2. Though no proof of service was filed on the Court's docket, Defendant understands that service may have possibly been effectuated on July 21, 2025, which (if accurate) would have made its responsive pleading deadline August 11, 2025. Due to some miscommunication and clerical issues, the potential pleading deadline was docketed for a different date before Defendant could retain local counsel, connect with opposing counsel about the service date and request an extension, and file this motion.

3. Upon learning of this issue, Defendant's counsel immediately contacted Plaintiff's counsel (Andrew Perrong) on August 12, 2025, who agreed to a deadline of **August 25, 2025** for

Defendant to answer, move, or otherwise respond to the Complaint. Mr. Perrong confirmed in writing that Plaintiff does not oppose this Motion.

4. There are several reasons as to why Defendant and its counsel seek and are in need of an extension of time as to Defendant's pleading deadline. ***First***, as noted above, no proof of service was filed and the possible service date was not calendared, which was an inadvertent clerical issue and not because of a lack of diligence. ***Second***, Defendant's counsel need sufficient additional time to finalize their retention, appear in the matter, adequately investigate the underlying facts and allegations in the Complaint, prepare an appropriate responsive pleading(s), and potentially explore an extra-judicial resolution of this dispute with Plaintiff and opposing counsel, which may obviate the need for Defendant to respond to the Complaint altogether if successful. ***Third,*** Defendant's counsel have several unmovable professional and personal scheduling conflicts with the current deadline (including briefs due in other matters and out-of-town travel), making it impossible for Defendant's counsel to respond any sooner. ***Fourth***, though it denies liability, Defendant desires to explore an extra-judicial resolution of this dispute with Plaintiff without incurring additional legal expenses or burdening the Court or its resources, and therefore requires additional time prior to its pleading deadline. ***Fifth,*** the modest extension will promote efficiency and justice, and conserve judicial and party resources, by allowing this matter to be heard on the merits and by allowing Defendant sufficient time to investigate the claims and attempt to reach an extra-judicial resolution without having to engage in motion practice.

5. In light of these issues, Defendant seeks a modest extension of its current responsive pleading deadline to August 25, 2025.

6. Pursuant to the requested and agreed to extension, if granted, Defendant's new deadline to answer, move or otherwise respond to the Complaint would be August 25, 2025

7. This is Defendant's first request for an extension.

8. No other case deadlines will be impacted by the requested extension.

9. This motion is made in good faith and not for the purpose of delay.

10. No party to this action will be unduly prejudiced by the granting of the requested extension of time, especially as the parties are in agreement. An extension will not impact the timely resolution of this matter, or any other deadlines, as this case is in its early stages.

11. Defendant respectfully submits that, pursuant to Fed. R. Civ. P. 16(b)(4) and 6(b)(1)(B), "good cause" exists for granting this motion because, *inter alia*, doing so would allow this matter to be heard on its merits and would promote efficiency by enabling the parties to fully evaluate Plaintiff's claims and pursue and possibly reach an early resolution without incurring additional expenses, including those necessary for preparing a responsive pleading, such as a Rule 12(b) motion that would necessitate further litigation expense and judicial labor. At all relevant times, Defendant has acted diligently. To the extent the initial pleading deadline was missed, it was merely the result of an unintentional miscommunication and clerical error of its counsel. Counsel has never missed a pleading deadline before and apologies for any inconvenience here.

12. Thus, Defendant respectfully submits that there is sufficient "good cause" to grant the requested extension, for at least the reasons provided above. [1]

---

[1] In seeking this extension, Defendant reserves all rights including, but not limited to, the right to compel arbitration and to assert the defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, lack of standing, failure to state a claim upon which relief can be granted, and any other defenses to the purported claims alleged in Plaintiff's Complaint. Nothing in this Motion should be construed as a waiver of any of Defendant's rights, arguments, or objections, including its arbitral rights to the extent there is an applicable arbitration agreement between the parties (which is to be determined).

WHEREFORE, for all of the reasons above, Defendant respectfully requests that the Court enter an order extending its deadline to answer, move, or otherwise respond to the Complaint to and including August 25, 2025. A proposed order has been included for the Court's consideration.

Dated: August 12, 2025                              Respectfully submitted,

By: */s/ Frederick P. Santarelli*

FREDERICK P. SANTARELLI
Pennsylvania Bar. No. 53901
STEVEN C. TOLLIVER, JR.
Pennsylvania Bar No. 327165
**ELLIOTT GREENLEAF, P.C.**
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-1956
(215) 977-1000
fps@elliottgreenleaf.com
sct@elliotgreenlead.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 12, 2025, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means on all parties and their respective counsel of record.

*/s/ Frederick P. Santarelli*
Frederick P. Santarelli
