# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | CASE NO. 2:25-cv-03590-MMB |
| Plaintiff, | |
| v. | |
| PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA, | |
| Defendant. | |

## SUPPLEMENTAL DECLARATION OF MICHAEL LARSEN

I, Michael Larsen, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am over 18 years of age. Unless otherwise stated, the information set forth herein and below is true and correct, is based on my own personal knowledge, and if asked to testify thereto, I could and would do so competently.

2. I am the Owner of the Defendant in this matter, Pure Energy USA, PA, LLC d/b/a Pure Energy USA ("Pure Energy"). I have held this position since 2019.

3. I submit this declaration in my professional capacity in support of "Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint" (the "Reply"), filed by Pure Energy contemporaneously herewith in the above-captioned matter (the "Action"). Nothing herein is intended to amend anything in any prior declaration I have given in this matter, unless indicated.

4. In my professional capacity, I am familiar with Pure Energy's business operations, policies, and practices, including but not limited to with respect to Pure Energy's product sales, marketing, and communications with current or potential customers. Further, in my professional

capacity, I am generally familiar with Pure Energy's business records and records-keeping procedures relating to sales and contact center procedures.

5. I have reviewed the putative class action complaint (*see* Dkt. 1, the "Complaint") filed by Plaintiff James Shelton ("Plaintiff") in the Action, and I am familiar with the allegations made against Pure Energy therein.

6. I have also reviewed Pure Energy's Motion to Dismiss the Complaint (*see* Dkt. 7-1), Plaintiff's Opposition to the Motion to Dismiss (*see* Dkt. 12), the Declaration of Andrew Perrong in support of Plaintiff's Opposition (*see* Dkt. 12-2), and the call transcript referenced in Mr. Perrong's Declaration (*see* Dkt. 12-4).

7. Pure Energy did not contact Mr. Perrong on July 15, 2025, or any other date, to discuss this lawsuit or anything else. Pure Energy also did not authorize anyone named "Alan" to contact Mr. Perrong to discuss this lawsuit. No such person is an employee of Pure Energy. The first Pure Energy learned of this purported call to Mr. Perrong was through the Opposition.

8. Contrary to what is suggested in the Opposition, Pure Energy does <u>not</u> have a marketing strategy that relies on calling up telephone numbers and leaving voicemail messages directing them to call a certain number to save money on electricity. To reiterate what I stated in my previous declaration, Pure Energy does not make any outbound telemarketing calls, does not authorize third parties to make outbound telemarketing calls on its behalf, and in fact contractually prohibits any third parties from making outbound telemarketing calls on behalf of Pure Energy.

9. For the avoidance of doubt, the calls alleged in the Complaint were not placed by Pure Energy or by anyone acting on its behalf. Pure Energy does not conduct business as or use the name "Energy Source Services" and has never done so. No such entity was hired by Pure

Energy. The phone number identified in the Complaint as the alleged caller's number (which I understand is (833) 423-0533) does not belong to and is not used by Pure Energy.

10. Nothing in this Declaration should be understood as an admission of liability by Pure Energy (which is expressly denied), or an admission of any fact alleged by Plaintiff in the Action, including as alleged in the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 6, 2025, in Red Bank, New Jersey

By: *Michael Larsen* (DocuSigned)
Michael Larsen