IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA**<br><br>*Defendant.* | Case No.<br><br>2:25-cv-03590-MMB<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## STATUS REPORT

In accordance with this Court's order of October 10, 2025, directing the parties to file a joint status report "as to the identity of the entity that allegedly made the telephone calls described in Plaintiff's Complaint," the parties met and conferred on October 29, 2025. Attorney Andrew Perrong attended for Plaintiff and attorneys Madelaine Newcomb and Steven Tolliver attended for Defendant. Defendant claims to "not know the identity of the entity that allegedly made the calls described in Plaintiff's Complaint." The Plaintiff wished to make the following statement, which Defendant opposed, despite being given the opportunity to make a counter-statement:

As the Plaintiff explained in his opposition to the Defendant's Motion to Dismiss, the Plaintiff sent pre-suit correspondence to Defendant, which resulted in a call from someone named "Alan." Under penalty of perjury, Pure Energy's owner, Michael Larsen, does *not* deny knowing who "Alan" is, but rather states that:

1

Pure Energy did not contact Mr. Perrong on July 15, 2025, or any other date, to discuss this lawsuit or anything else. Pure Energy also did not authorize anyone named "Alan" to contact Mr. Perrong to discuss this lawsuit. No such person is an employee of Pure Energy. The first Pure Energy learned of this purported call to Mr. Perrong was through the Opposition. (ECF No. 15-1 at 7.)

However, the transcript of the call Mr. Perrong received from "Alan" started out with Alan stating that he was calling "with respect to the letter *you sent us*." (ECF No. 12-4 at 1). That begs the question: if Alan (1) is not a Pure Energy employee, (2) Pure Energy does not explicitly deny knowing who Alan is, and (3) nobody other than Pure Energy would have known that Plaintiff's counsel sent a pre-suit letter correspondence to Pure Energy, how could "Alan" know that Plaintiff's counsel sent a pre-suit letter to Pure Energy, but Pure Energy not know the identity of the entity that allegedly made the calls? That defies basic logic. Both statements cannot be simultaneously true. If "Alan" does not work for Pure Energy (and thus would not have firsthand knowledge of the letter Plaintiff's counsel sent to Pure Energy before the lawsuit was filed that was referenced on the call), "Alan" presumably works for the third party that allegedly made the calls described in the Complaint (which would necessarily imply that Pure Energy forwarded the letter it received to "Alan" or his company), and thus this would imply that Pure Energy knows "Alan's" identity, or at least the third party that "Alan" works for. For what it's worth, this theory of forwarding is rendered all the more plausible given that "Alan's" call came the day that the suit was filed and several days before Pure Energy was served, which would be the only other "letter" (i.e. lawsuit) that a layperson might refer to.

To add insult to injury as to the adequacy or accurate of the Defendant's allegations as made in the meet and confer call, throughout multiple parts of its motion to dismiss and reply in support, Pure Energy not only insinuates that it has vendors that place calls and it knows who those vendors are, but further that it knows who "Alan" works for. *See, e.g.*, ECF No. 15 at 9 ("Indeed, it is unclear from the transcript who "Alan" actually is, who he works for, and whether

he is even authorized to speak "on behalf of" Pure Energy. That does not conflict with Pure Energy's evidence."); ECF No. 7-1 at 10 ("Pure Energy has adopted a strictly consumer-initiated marketing program, whereby: (i) it works with third-party independent contractors (who are not employees of Pure Energy and, again, contractually prohibited from making outbound marketing calls on its behalf) to place internet ads on third party websites; and (ii) consumers must make an inbound call to the contractor (using a phone number in the internet ad) to inquire about and purchase Pure Energy's services."); ECF No. 7-1 at 20 ("Indeed, calls from a third-party call vendor would naturally identify the defendant by name and may result in subsequent communications identifying the defendant, like Plaintiff alleges.").

Pure Energy now incredibly claims it does not know the identity of the entity that allegedly made the calls, despite *admitting in its motion that Pure Energy* "works with third-party independent contractors." It now claims it doesn't know what third-party independent contractor that it admits it works with it knows or suspects was responsible.

In any event, the Plaintiff's proposal to deal with this conundrum is as follows: Pure Energy should be compelled to identify each "third-party independent contractor" that they worked with in June of 2025. Plaintiff then would seek leave of Court to serve subpoenas on those contractors to ascertain (1) whether they use the phone numbers at issue, (2) whether Pure Energy provided them a copy of the Plaintiff's pre-suit demand letter, (3) whether they have any employees or agents named "Alan," and if so, whether that was the individual that called Plaintiff's counsel, (4) whether they have any employees or agents named "Tessa," or "Travis" and if so, whether those were the individuals who spoke to Plaintiff, (5) whether they use the alias "Energy Source Services," and (6) whether or not they have any records of calling Plaintiff. Plaintiff would also like leave of Court to serve a subpoena on Verbatim TPV to see whose

account was used for the state-mandated third party verification process for the Plaintiff's sign up. As Defendant claims to not know the vendor involved in the conduct, third party subpoenas to all of Defendant's vendors seems to be the only logical way to identify the vendor at issue.

Dated: November 10, 2025

                                                  */s/ Andrew Roman Perrong*
                                                  Andrew Roman Perrong, Esq.
                                                  Perrong Law LLC
                                                  2657 Mount Carmel Avenue
                                                  Glenside, Pennsylvania 19038
                                                  Phone: 215-225-5529 (CALL-LAW)
                                                  Facsimile: 888-329-0305
                                                  a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: November 10, 2025

                                                  */s/ Andrew Roman Perrong*
                                                  Andrew Roman Perrong, Esq.
                                                  Perrong Law LLC
                                                  2657 Mount Carmel Avenue
                                                  Glenside, Pennsylvania 19038
                                                  Phone: 215-225-5529 (CALL-LAW)
                                                  Facsimile: 888-329-0305
                                                  a@perronglaw.com