IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated, *Plaintiff,* <br> v. <br> **PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA,** *Defendant.* | **CIVIL ACTION NO. 25-3590** |

# ORDER

**AND NOW**, this 17th day of November 2025, upon review of Plaintiff's Complaint (ECF 1), Defendant's Motion to Dismiss (ECF 7), the briefing by both Parties (ECF 7-1; ECF 12; ECF 15), and the Parties' status reports (ECF 19; ECF 20) in response to the Court's October 10, 2025, Order (ECF 16), it is hereby **ORDERED** that:

1. Plaintiff alleges he received (and missed) at least three (3) telemarketing calls from the caller ID 833-423-0533 in June 2025. ECF 1, ¶¶ 24–26. Plaintiff alleges these calls were from "Energy Source Services," which was a fictitious name for "Pure Energy USA." *Id.* ¶¶ 28–35; ECF 12 at 3–4. Plaintiff further contends that the day after the lawsuit was filed, Plaintiff's counsel allegedly received a call from "Alan" from Pure Energy, who allegedly confirmed that Pure Energy called the Plaintiff three times, "left a voicemail for [Plaintiff]" in order to get "lower rates on [the] electricity bill," and confirmed that Plaintiff "called back and signed up for our services and went through verification." ECF 12 at 4, 7–8. "Alan" also allegedly asked if they could settle the case. ECF 12-4 at 1.

2. Defendant, in response, argues the calls were not from Pure Energy, as Pure Energy did not call Plaintiff, did not know of or participate in any such calls, and did not authorize any third parties to make any outbound marketing calls on its behalf. ECF 7-1 at 2, 6–9; ECF

15 at 5–8. Defendant has submitted two sworn affidavits from Michael Larsen, the owner of Pure Energy, asserting that Pure Energy does not make outgoing calls, contractually prohibits third parties from telemarketing on its behalf, Pure Energy's marketing program is strictly consumer-initiated, where the consumer initiates the sale process by making an inbound call to the company, and Pure Energy did not authorize anyone named "Alan" to contact Mr. Perrong to discuss this lawsuit because no such person is an employee of Pure Energy. ECF 7-2; ECF 15-1.

3. The Court will treat Defendant's Motion to Dismiss (ECF 7) as a Rule 56 Motion for Summary Judgment under Fed. R. Civ. P. 12(d). The Court finds that Plaintiff is proceeding under the assumption that the purported call and transcript are genuine and accurate, including that "Alan" was a representative of Pure Energy and was looking to settle the lawsuit. See ECF 12 at 4, 7–8. This is not sufficient to refute Defendant's sworn affidavits that Pure Energy did not call Plaintiff, did not know of or participate in any such calls, did not authorize any third parties to make any outbound marketing calls on its behalf, and did not authorize anyone named "Alan" to contact Mr. Perrong to discuss this lawsuit. See ECF 7-2; ECF 15-1.

4. Accordingly, the Court will **GRANT** Defendant's Motion to Dismiss and **DISMISS without prejudice** Plaintiff's Complaint with **leave to amend**. Plaintiff is **GRANTED** leave to commence discovery regarding the identity of the caller and the source of the alleged calls, on the condition that Plaintiff shall advance the funds for discovery pursuant to Fed. R. Civ. P. 26(c)(1)(B).[1]

---

[1] The Supreme Court has held there is a presumption that each party to a lawsuit must bear its own discovery costs, but the district court has discretion under Rule 26(c) to "grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). This Court, in Boeynaems v. LA Fitness Int'l, LLC,

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-3590 Shelton v Pure Energy\25-3590, Order re MTD.docx

---

285 F.R.D. 331, 341–42 (E.D. Pa. 2012) (**Baylson, J.**), found that cost-shifting was fair and appropriate for searching for both ESI and hard documents, as the plaintiffs sought additional extensive discovery for their class certification motion, and the defendant already provided a "large amount of information." Although Boeynaems was in the context of a Rule 23 class action and sought extensive discovery relevant to class certification, the same principles regarding cost-shifting can be applied to the instant case.

Here, Plaintiff seeks discovery on the identity of the caller and the source of the alleged calls. ECF 19 at 3–4. Defendant denies that is has any further obligation to investigate the source of the alleged calls or that Plaintiff is entitled to any discovery. ECF 20 at 2. Accordingly, there is good cause here to have Plaintiff "pay for the discovery [he] seeks," see Boeynaems, 285 F.R.D. at 341, as it would be unduly burdensome and expensive for Defendant to find the information regarding all "third-party independent contractors," the costs of production would be significant compared to the amount in controversy, the information is germane to Plaintiff's claims, and the benefits are entirely for Plaintiff. If Plaintiff is confident in his contentions that Pure Energy was the entity that called Plaintiff and the purported call from "Alan" was also from Pure Energy, then Plaintiff should have no objection to making an investment in discovery to support his TCPA claims.

3