**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA, ALONZO AMAR, ARASH AKHAVAN A/K/A "ALAN," AND DOE DEFENDANT PSG ZONE D/B/A PUREPSGPA AND/OR ENERGY SOURCE SERVICES,<br><br>Defendants. | CASE NO. 2:25-cv-03590-MMB |

### UNOPPOSED MOTION TO EXTEND TIME FOR DEFENDANT PURE ENERGY TO ANSWER, MOVE, OR OTHERWISE RESPOND TO FIRST AMENDED COMPLAINT

Defendant Pure Energy USA, PA, LLC ("Defendant" or "Pure Energy") files this **unopposed** motion to extend the time by which Defendant must answer, move or otherwise respond to the First Amended Complaint (see Dkt. 23, "FAC") filed by Plaintiff James Shelton ("Plaintiff"), extending its pleading deadline to the same deadline applicable to the new defendants in this matter, following service of the FAC on said defendants. In support thereof, Defendant states the following:

1.      Plaintiff filed his original Complaint in this action on July 14, 2025. *See* Dkt. 1.

2.      On August 25, 2025, Defendant timely moved to dismiss the original Complaint under Federal Rule of Civil Procedure 12, including for lack of Article III standing under Rule 12(b)(1) [1] and for failure to state a claim under Rule 12(b)(6), on various grounds. *See* Dkt. 7.

3.      On November 17, 2025, after it was fully briefed, the Court *sua sponte* converted Defendant's Rule 12 motion to a Rule 56 motion for summary judgment, granted summary judgment in Defendant's favor, dismissed Plaintiff's original Complaint without prejudice, and granted

---

[1] Defendant raised a factual standing challenge and thus submitted supporting evidence.

Plaintiff leave to amend his pleading and to conduct limited "discovery regarding the identity of the caller and source of the alleged calls." Dkt. 21 at 2.

4.　　Roughly eight months later, and after the Court ordered Plaintiff to file a status report indicating that the Court may dismiss the case for failure to prosecute it (*see* Dkt. 22), Plaintiff filed his FAC on July 2, 2026. *See* Dkt. 23; *see also* Dkt. 24.[2] By operation of Fed. R. Civ. P. 15(a)(3), therefore, Defendant's deadline to answer, move, or otherwise respond to the FAC is July 16, 2026.

5.　　The FAC adds three additional defendants. *See* Dkt. 23. As of the date of this motion, said defendants have not been served. Thus, each of the defendants would have different deadlines to respond to the FAC (and possibly different briefing schedules if they each move to dismiss the FAC), depending whether and when the new defendants are served, which would be extremely inefficient and burdensome on the parties and the Court alike. Accordingly, on July 9, 2026, counsel for Defendant conferred with counsel for Plaintiff via email and proposed that, for the sake of judicial and party economy, Defendant's deadline to respond to the FAC be extended to the same deadline applicable to the new defendants following service on them, so that all defendants may respond to the FAC on the same schedule. Counsel for Plaintiff indicated in writing the same day Plaintiff was amenable to said proposal. *See* **Exhibit A**, attached. Therefore, this Motion is unopposed.

6.　　This motion is made in good faith and not for the purpose of delay, and instead is being made for the sake of judicial and party economy. No other case deadlines will be impacted by the requested extension. No party to this action will be unduly prejudiced by the granting of the requested extension of time, especially as the parties are in agreement. An extension will not impact the timely resolution of this matter, or any other deadlines, as this case is in its early stages and the other defendants have not yet been served with process.

---

[2] Defendant disputes whether Plaintiff acted "diligently" in discovery or if the FAC is timely.

7. Thus, Defendant respectfully submits that there is sufficient "good cause" to grant the requested extension, for at least the reasons provided above.

8. In seeking this extension, Defendant does not waive and reserves all rights including, but not limited to, the right to compel arbitration and to assert the defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, lack of standing, failure to state a claim upon which relief can be granted, and any other defenses to the purported claims alleged in Plaintiff's FAC or as to the timeliness of Plaintiff's FAC. Nothing in this Motion should be construed as a waiver of any of Defendant's rights, arguments, or objections to the FAC or otherwise, including its arbitral rights.

WHEREFORE, for all of the reasons above, Pure Energy respectfully requests that the Court enter an order extending its deadline to answer, move, or otherwise respond to the FAC to the same deadline applicable to the new defendants following service of the FAC on same. A proposed order has been included herewith for the Court's convenience and consideration.

Dated: July 13, 2026

Respectfully submitted,

*/s/ Steven C. Tolliver, Jr.*
FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
(215) 977-1099 (fax)
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

JOHN W. MCGUINNESS
(*Pro Hac Vice* to be requested)
PAUL HEERINGA
(*Pro Hac Vice* to be requested)
MADELAINE A. NEWCOMB
(Admitted *Pro Hac Vice*)
MANATT, PHELPS & PHILLIP, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500

3

Facsimile: 202-585-6600
jmcguinness@manatt.com
pheeringa@manatt.com
mnewcomb@manatt.com

*Counsel for Defendant Pure Energy USA PA, LLC d/b/a Pure Energy*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.


Dated: July 13, 2026                    */s/ Steven C. Tolliver, Jr.*
                                        STEVEN C. TOLLIVER, JR.

                                        *Counsel for Defendant Pure Energy USA PA, LLC*
                                        *d/b/a Pure Energy*