**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMES E. SHELTON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PURE ENERGY USA, PA, LLC d/b/a PURE ENERGY USA, ALONZO AMAR, ARASH AKHAVAN A/K/A "ALAN," AND DOE DEFENDANT PSG ZONE D/B/A PUREPSGPA AND/OR ENERGY SOURCE SERVICES,

Defendants.

CASE NO. 2:25-cv-03590-MMB

**STIPULATION AND ORDER TO SET
DEFENDANT PURE ENERGY USA, PA, LLC'S RESPONSIVE PLEADING DEADLINE**

Plaintiff James Shelton ("Plaintiff") and Defendant Pure Energy USA, PA, LLC (individually, "Defendant" or "Pure Energy," and collectively with Plaintiff, the "Parties") hereby stipulate, agree, and respectfully request that the Court approve this Stipulation and proposed Order to set Pure Energy's deadline to answer, move, or otherwise respond to Plaintiff's First Amended Complaint (*see* Dkt. 23, "FAC") as October 27, 2026, or to whatever date the Court deems appropriate. In support thereof, the Parties state the following:

1. Plaintiff filed his original Complaint in this action on July 14, 2025. *See* Dkt. 1.

2. On August 25, 2025, Defendant moved to dismiss the original Complaint under Federal Rule of Civil Procedure 12, including for lack of Article III standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6), on various grounds. *See* Dkt. 7.

3. On November 17, 2025, after it was fully briefed, the Court *sua sponte* converted Defendant's Rule 12 motion to a Rule 56 motion for summary judgment, granted summary judgment in Defendant's favor, dismissed Plaintiff's original Complaint without prejudice, and granted

Plaintiff leave to amend his pleading and to conduct limited "discovery regarding the identity of the caller and source of the alleged calls." Dkt. 21 at 2. After the Court ordered Plaintiff to file a status report indicating that the Court may dismiss the case (*see* Dkt. 22), Plaintiff filed his FAC on July 2, 2026. *See* Dkt. 23; *see also* Dkt. 24. By operation of Fed. R. Civ. P. 15(a)(3), therefore, Defendant's initial deadline to answer, move, or otherwise respond to the FAC was July 16, 2026.

4. As the FAC added three additional defendants, the Parties agreed to set Pure Energy's responsive pleading deadline as to the FAC deadline to the same deadline(s) applicable to the new defendants in this matter following service of the FAC on same, to avoid burden on the Court and Parties that could be caused by having different pleading deadlines or briefing schedules on dispositive motions relating to the FAC. Accordingly, Defendant submitted an unopposed motion in this regard on July 13, 2026 (*see* Dkt. 26), which the Court approved the following day (*see* Dkt. 27). Per the Court's approval order, therefore, "Pure Energy's responsive pleading deadline will not start to run until after all of the new defendants have been served or waived service." *See* Dkt. 27.

5. Plaintiff served one of the new defendants (*see* Dkt. 28), who did not timely respond, and thus filed a motion for entry of default against that defendant (*see* Dkts. 29 and 30). Plaintiff did not serve the other two new defendants and instead voluntarily dismissed them on October 6, 2026 (*see* Dkts. 31 and 32). Therefore, per the aforementioned approval order (*see* Dkt. 27), Pure Energy's responsive pleading deadline has not started to run, and technically will not start to run.

6. To move the case forward and to avoid any disputes in this regard, counsel for the Parties conferred on October 7, 2026 and have agreed to submit this Stipulation and proposed Order to set a specific date for Pure Energy's responsive pleading deadline. As such, the Parties have agreed to set Pure Energy's deadline to answer, move, or otherwise respond to the FAC to be 21 days from the date of the dismissal of the other new defendants, which is consistent with their prior extension

agreement and which (if approved) would make Pure Energy's new deadline October 27, 2026.

Dated: October 8, 2026

So Stipulated and Respectfully submitted,

*/s/ Steven C. Tolliver, Jr.*
FREDERICK P. SANTARELLI (PA 53901)
STEVEN C. TOLLIVER, JR. (PA 327165)
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (phone)
(215) 977-1099 (fax)
FPSantarelli@elliottgreenleaf.com
sct@elliottgreenleaf.com

JOHN W. MCGUINNESS
(*Pro Hac Vice* to be requested)
PAUL HEERINGA
(*Pro Hac Vice* to be requested)
MADELAINE A. NEWCOMB
(*Admitted Pro Hac Vice*)
MANATT, PHELPS & PHILLIP, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
Facsimile: 202-585-6600
jmcguinness@manatt.com
pheeringa@manatt.com
mnewcomb@manatt.com

*Counsel for Defendant Pure Energy USA PA, LLC d/b/a Pure Energy*

*/s/ Andrew Roman Perrong (with permission)*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff*

**SO ORDERED THIS ___ DAY OF ___________, 2026,**

**BY THE COURT:**

______________________________
**MICHAEL M. BAYLSON, U.S.D.J.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: October 8, 2026

*/s/ Steven C. Tolliver, Jr.*

STEVEN C. TOLLIVER, JR.

*Counsel for Defendant Pure Energy USA PA, LLC d/b/a Pure Energy*